**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LINDELL MOORE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  26-2344** |
| | : | |
| **PAULA GRIFFEN,** *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**MURPHY, J.**                                                **June 24, 2026**

Lindell Moore, a repeat *pro se* litigant in this court, asserts due process claims against

several employees of the Children and Youth Services ("CYS") agency in Lehigh County,

Pennsylvania, based on the relinquishment of his parental rights.  Mr. Moore also seeks leave to

proceed *in forma pauperis*.  The court will excuse Mr. Moore from having to pay the filing fee

for this case and dismiss his claims.

## I.      FACTUAL ALLEGATIONS[1]

Mr. Moore's allegations are brief.  He asserts that on June 1, 2016, he met with defendant

Ceaser Mercado who had written a report offering services to Mr. Moore's family.  (Compl. at

3.)  The paper was signed by defendant Edwin Rodriguez.  (*Id*.)  All Mr. Moore and his spouse

had to do to receive services was provide a state identification and childcare for their two

daughters ages 9 and 4 at the time.  (*Id*.)  On July 30, 2016, while Mr. Moore was facing eviction

---

[1] The factual allegations set forth in this memorandum are taken from the complaint (DI 2).  The court adopts the sequential pagination assigned to all pleadings by the CM/ECF docketing system.

for nonpayment of rent, he went to New York to get his birth certificate, which he never received. The eviction took place on August 5, 2016, "under the supervision of CYS." (*Id.*)

As part of placing Mr. Moore's children in foster care, defendant Stephanie J. Morrison, a "resource parent" for CYS, was interviewed by CYS with regard to "kinship care" for his children. (*Id.*) She allegedly fabricated a story about there being a relationship between the two families that never existed. (*Id.*) According to Mr. Moore, kinship care is determined by the level of relationship between the two parties and not just familial relationship. (*Id.*) Defendant Morrison knew when she was interviewed that she had no idea who the children were, including their names, but told the official otherwise. (*Id.*)

Mr. Moore alleges that the defendants intentionally violated his constitutional rights by offering his family the much needed services, then denying the family services, leading to the eviction, and by placing Mr. Moore's children in a "home full of complete strangers." (*Id.* at 4.) After Mr. Morrison obtained custody of the children, the defendants extinguished Mr. Moore's parental rights using the court system, police, and the school system. (*Id.*) Mr. Moore seeks money damages and the arrest of all involved. (*Id.*)

## II.    STANDARD OF REVIEW

The court grants Mr. Moore leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v.*

*Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)).  At this early stage of the litigation, the court will accept the facts alleged in the complaint as true, draw all reasonable inferences in Mr. Moore's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The court construes *pro se* allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).  ).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.* (quoting *Mala*, 704 F.3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.    DISCUSSION

Mr. Moore asserts a due process claim based on the events he describes that occurred in 2016.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "Section 1983 provides a civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'"  *Halsey v. Pfeiffer,* 750 F.3d

273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983); *see also Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (explaining § 1983 "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." (alteration in original) (quoting *Baker v. McCollan,* 443 U.S. 137, 145 n.3 (1979))).  To state a claim under § 1983, a plaintiff must demonstrate "that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury."  *Karns v. Shanahan,* 879 F.3d 504, 520 (3d Cir. 2018) (quoting *Elmore,* 399 F.3d at 281); *see also Halsey,* 750 F.3d at 290 ("To state a claim under section 1983, a plaintiff must demonstrate that 'some person has deprived him of a federal right . . . [and] that the person who has deprived him of that right acted under color of state or territorial law.'" (alterations in original) (quoting *Gomez v. Toledo,* 446 U.S. 635, 640 (1980))).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.[2]  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Mr. Moore's claims cannot proceed because they are time-barred on the face of the complaint.  *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."); *Dotson v. Galapio*, No. 24-1204, 2024 WL 1736373, at *1 (3d Cir. Apr. 23, 2024) (affirming district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) of excessive force claims as time-barred where the expiration of the

---

[2] Mr. Moore names Paula Griffin, the Director of CYS in Lehigh County as a defendant but makes no allegations that she was involved in any of the events he describes.  Any claim against her is additionally implausible for this reason.  *Rode*, 845 F.2d at 1207.  To the extent she is named due to her holding a supervisory position in the agency, generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation.  *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*).

4

statute of limitations was apparent on the face of the complaint).  The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose.  *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).  The Pennsylvania statute of limitations for a personal injury action is two years.  *Id.* (citing 42 Pa. Cons. Stat. § 5524(2)).  Thus, the limitations period applicable to Mr. Moore's § 1983 due process claim is two years.

A claim accrues and the limitation period begins to run "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief."  *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotation marks and citation omitted).  Mr. Moore asserts that he was denied services, evicted, and his parental rights were extinguished in 2016 and alleges no events after that time period.  While under the "continuing violation doctrine," applicable when a defendant's conduct is part of a continuing practice, an action can be timely so long as the last act evidencing the continuing practice falls within the limitations period, *see Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 481 (3d Cir. 2014), "the continuing violation doctrine does not apply when the plaintiff 'is aware of the injury at the time it occurred,'" *id.* (quoting *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 417 n.6 (3d Cir. 2003)).  Additionally, "a 'continuing violation is occasioned by continual unlawful *acts*, not continual ill effects from an original violation.'"  *Id.* (quoting *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 423 (3d Cir. 2005)).  Because any due process claim Mr. Moore may have had involving the extinguishment of his parental rights accrued when the defendants acted in 2016, Mr. Moore was aware of the injury caused by the events when they occurred, and he alleges no other events since 2016, the claim is clearly time-barred.  *See, e.g., Weiss v. Posner*, No. 24-9659, 2026 WL 674099, at *17 (D.N.J. Mar. 10, 2026) ("[T]here is no

5

question that Plaintiff 'knew or should have known' that his constitutional and parental rights were allegedly violated at the time the state court entered an order temporarily suspending those rights."); *Bass v. New Jersey*, No. 14-5006, 2016 WL 7638463, at *5 (D.N.J. Nov. 17, 2016) ("Here, the latest date Plaintiff's claims could have accrued was on February 8, 2012; the date his parental rights were terminated.  Accordingly, Plaintiff had two years, or until February 8, 2014, to file a Complaint."), *aff'd*, 689 F. App'x 715 (3d Cir. 2017).  An order dismissing this case with prejudice will be entered separately.  Fed. R. Civ. P. 58(a).